h JONES, J.
dissenting with reasons.
Caselaw clearly indicates that we determine whether there has been a valid rejection of uninsured motorist coverage by an insured by simply looking to the UM form. While Tugwell tells us what “should” be included in the UM form, La.R.S. 22:1406(D)(l)(a) indicates that “acceptance” of uninsured motorist coverage may occur by operation of law, i.e., to do nothing triggers uninsured motorist coverage. However, the UM form must state this fact.
*679 The majority cites Moyles v. Cruz, 96-0307, 96-0308 (La.App. 4 Cir. 10/16/96), 682 So.2d 326. However, the UM form in the case sub judice is significantly different from that of Moyles.
In Moyles, the UM form specifically stated:
(1) I accept Uninsured Motorists Coverage at the minimum limits required by the state financial responsibility law being — .
Moyles, supra, p. 328.
Thus, in Moyles, the insured knew that among his available options of coverage was a selection of the state imposed minimum. Such an option is not available in the case sub judice, and this fatal flaw makes the form not only ambiguous but invalid. The UM form in this case fails to offer the insured thej^option to select UM coverage at the minimum limits required by the state law. Hence, even if the rejection is unambiguous, but not proper in form, the rejection of UM coverage is ineffective. Dibos v. Bill Watson Ford, 622 So.2d 677 (La.App. 4 Cir.1993) citing Tug-well v. State Farm Insurance Co., 609 So.2d 195, 197. For these reasons, I would reverse the judgment of the trial court and remand this matter for an evi-dentiary hearing, finding that there is a material issue of fact as to whether the insured rejected uninsured motorist coverage.